# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Kallie Unowsky, | Court File No. 4:23-cv-00115 |
| Plaintiff. | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Payton McKenna Thomas and<br>Brian Daniel Thomas, | |
| Defendants. | |

Comes now the Plaintiff, Kallie Unowsky (hereinafter "Plaintiff") by and through her attorneys, Chestnut Cambronne PA, and as for her Complaint, alleges upon information and belief as follows:

## PARTIES

1. That Plaintiff, at all times material hereto is a resident of the City of Cottage Grove, County of Dane, State of Wisconsin, residing at 1300 N. Windsor Ave., #205.

2. That based upon information and belief, at all times material hereto, Defendant, Payton McKenna Thomas, is a resident of the City of Corning, County of Adams, State of Iowa, residing at 1030 State Highway 148.

3. That based upon information and belief, at all times material hereto, Defendant, Brian Daniel Thomas is a resident of the City of Corning, County of Adams,

1

State of Iowa, residing at 1030 State Highway 148.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate pursuant to diversity requirements under 28 U.S.C. § 1332, as the sole Plaintiff in this matter is of different citizenship of all Defendants. Further, the amount in controversy exceeds $75,000.00.

5. Venue is further appropriate pursuant to 28 U.S. Code § 1391, as all defendants reside in Iowa, and a substantial part of the events giving rise to this claim occurred in Iowa.

## FACTUAL BACKGROUND

6. That on October 24, 2021, in the City of Ames, County of Story, State of Iowa, at approximately 6:00pm, Plaintiff was lawfully crossing the street in a marked crosswalk on South 4th Street at Iowa State University.

7. That on the same date and time, Defendant Payton Thomas was traveling eastbound on South 4th Street, operating a 2010 Chevy Impala with Iowa license plate number ERC444, and struck the Plaintiff while she was lawfully crossing South 4th Street in the crosswalk. The Chevy Impala sustained a broken headlight as a result of the impact of the collision.

8. At all times material hereto, the 2010 Chevy Impala was owned by Defendant Brian Thomas. Defendant Brian Thomas had an auto insurance policy at the time through Farm Bureau Financial Services, with a policy number of 7314820.

9. At all times material hereto, Brian Thomas was vicariously liable for the

actions committed by Payton Thomas who was operating a vehicle he owned, insured under his auto insurance policy.

10. That Farm Bureau Financial Services has a duty to indemnify Defendants.

11. That Defendant Payton Thomas failed to yield right of way to a pedestrian and was a distracted driver of a motor vehicle. *See* Iowa Code § 321.322.

12. That Defendant Payton Thomas had a legal obligation to yield right of way to Plaintiff as she was lawfully crossing the street in a marked crosswalk.

13. That Defendant Payton Thomas operated a motor vehicle in a careless and reckless manner.

14. That Defendant Payton Thomas was traveling approximately 40 miles per hour at the time the vehicle struck Plaintiff in the crosswalk.

15. That Defendant Payton Thomas failed to apply the vehicle's breaks prior to striking Plaintiff in the crosswalk.

16. That Plaintiff was found at the scene in a pool of blood when officers arrived and there was a huge laceration on her hip. Plaintiff was transported to Marry Greeley Medical Center as a result of the injures she sustained from this collision.

17. That as a direct and proximate result of Defendants carelessness and negligence, Plaintiff has in the past and will in the future incur medical and hospital expenses for the treatment of her permanent and serious injuries.

18. That as a direct and proximate result of Defendants carelessness and negligence, Plaintiff has in the past and will in the future suffer physical, emotional, and mental pain.

## COUNT 1

## NEGLIGENCE

19. Plaintiff realleges all of the prior allegations contained in Paragraphs 1 through 18 above as if fully set forth here.

20. As a result of the forgoing, Defendants had a duty of care to yield right of way to a pedestrian crossing the street in a marked crosswalk and not to operate a motor vehicle in a careless and reckless manner.

21. As a result of the forgoing, Defendants breached that duty by failing to yield right of way to a pedestrian crossing the street in a marked crosswalk and operating a motor vehicle in a careless and reckless manner.

22. As a result of the forgoing, Plaintiff suffered severe and permanent injuries.

23. As a result of the forgoing, Defendant is liable to Plaintiff for all of Plaintiff's damages herein, in an amount in excess of $75,000.

24. That as a direct and proximate result of the Defendant's careless and negligence, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kallie Unowsky, prays for judgment against the Defendants in an amount in excess of Seventy-Five Thousand and 00/100ths Dollars ($75,000.00); in addition to an award of statutory interest on all accrued claims; Plaintiff's costs and disbursements incurred in maintaining this claim; and for such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this matter be tried before a jury.

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual connections have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: April 6, 2023	**CHESTNUT CAMBRONNE PA**

By: /s/ Jeffrey C. O'Brien

Jeffrey C. O'Brien (IA #AT0014827)
Francis J. Rondoni (MN #121903) – *Pro Hac Vice Pending
Mike J. Ingvaldson (MN #0402310) – *Pro Hac Vice Pending
100 Washington Avenue S., Suite 1700
Minneapolis, Minnesota 55401
(612) 339-7300
jobrien@chestnutcambronne.com
frondoni@chestnutcambronne.com
mingvaldson@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

Kallie Unowsky, being first duly sworn upon oath, deposes, and says that she is the Plaintiff in the foregoing proceeding, that she has read the foregoing complaint and knows the contents thereof; that the same is true of her own knowledge, except those matters therein stated upon information and belief, and as to such matters she believes them to be true.

        I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: April 6, 2023                 /s/ *Kallie Unowsky*
                                              Kallie Unowsky